**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Craig IVESTER, Defendant— Appellant.**

No. 01–10260.

D.C. No. CR–99–00557–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided Jan. 15, 2003.

Before WALLACE, TASHIMA and TALLMAN, Circuit Judges.

MEMORANDUM *

Ivester appeals his conviction and sentence for drug offenses. The district court

had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We addressed Ivester's arguments relating to the district court's handling of the jury security problem in a separate published opinion. We dispose of his remaining arguments in this unpublished disposition.

In its opening statement, the government referred to the expected testimony of Agatonu. When Agatonu failed to testify, Ivester moved for a mistrial. The district court did not abuse its discretion by denying Ivester's motion unless the denial resulted in "a serious possibility of prejudice to the defendant." *United States v. Monks*, 774 F.2d 945, 955 (9th Cir.1985) (citation omitted). Here, there was no such possibility of prejudice because the district court instructed the jury that opening statements are not evidence. *Id.*

Ivester also contends that Detective Lenchanko's testimony about Agotanu's cooperation with the government improperly bolstered or vouched for Agotanu's anticipated testimony. Lenchanko neither bolstered nor vouched for Agatonu's anticipated testimony, but merely explained how the case against Ivester developed.

Additionally, the government's reference to Agotanu's cooperation in its closing argument did not constitute improper bolstering for reasons already stated and because the reference was in response to defense counsel's closing argument. *See United States v. Williams*, 990 F.2d 507, 510 (9th Cir.1993) (the government may respond during closing if defense counsel opens the door).

---

We reject Ivester's argument that he did not receive a fair trial due to the cumulative effect of the errors. He has failed to demonstrate that there was any trial error.

Ivester also invokes *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and argues that 21 U.S.C. § 841 is an unconstitutional sentencing scheme. We rejected this argument in *United States v. Buckland*, 289 F.3d 558, 566–67 (9th Cir.2002) (en banc). Further, there was no error in the district court because the factor triggering the enhanced sentencing penalty, drug quantity, was determined by the jury beyond a reasonable doubt.

AFFIRMED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.